UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHAWNEE D. DOUGLAS, ) | |
| ) | Case No. 1:17-CV-270 |
| *Plaintiff*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | Magistrate Judge Christopher H. Steger |
| JOHNSON & JOHNSON CONSUMER, ) | |
| INC. and IMERYS TALC AMERICA, ) | |
| INC., ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Shawnee D. Douglas's motion for voluntary dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. (Doc. 46.) Defendants Johnson & Johnson Consumer, Inc. ("J&J") and Imerys Talc America, Inc. ("Imreys") filed responses opposing Plaintiff's motion. (Docs. 47, 48.)

In relevant part, Rule 41(a)(2) provides:

Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph [ ] is without prejudice.

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). The purpose of requiring court approval for voluntary dismissals under Rule 41(a)(2) is "to protect the nonmovant from unfair treatment." *Id.* Therefore, as a general rule, courts should

grant voluntary dismissals without prejudice only in the absence of plain legal prejudice. *Matthews v. Tenn. Bd. of Prob. & Parole*, No. 1:07-CV-46, 2008 WL 2609160, at *3 (E.D. Tenn. June 26, 2008). The mere prospect of a second lawsuit alone does not constitute prejudice. *Grover,* 33 F.3d at 718. The fact that a plaintiff may gain some tactical advantage by voluntarily dismissing the case also does not rise to the level of prejudice contemplated by Rule 41(a)(2). *Matthews*, 2008 WL 2609160, at *3. The Sixth Circuit considers four factors in determining whether a defendant will suffer plain legal prejudice if the Court grants a voluntary dismissal without prejudice:

> (1) the amount of time, effort, and expense the defendant has incurred in trial preparation; (2) any excessive delay or lack of diligence on the plaintiff's part in prosecuting the action; (3) insufficient explanation of the need to take a voluntarily dismissal without prejudice; and (4) whether the defendant has filed a motion for summary judgment under Rule 56.

*Grover,* 33 F.3d at 718. These factors "are not an exclusive or mandatory list." *Rosenthal v. Bridgestone/Firestone, Inc.,* 217 F. App'x 498, 502 (6th Cir. 2007) (citing *Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir. 1997)). Instead, the factors are intended only to guide the district court in exercising its discretion. *Matthews*, 2008 WL 2609160, at *4.

Here, Plaintiff asserts that voluntary dismissal will not prejudice Defendants, because: (1) the case is still in its relatively early stages, with only limited discovery conducted; (2) Plaintiff has elected to file a new lawsuit in Missouri based on her identification of a previously unnamed joint tortfeasor domiciled in Missouri and her use and exposure to Defendants' products in Missouri; (3) any work performed and discovery completed in this case "can and will be used in the Missouri case"; and (4) the parties have not filed motions for summary judgment. (Doc. 46, at 2.) Defendants oppose Plaintiff's motion for voluntary dismissal, arguing that they have already invested time, effort, and expense in conducting discovery, including taking the

depositions of Plaintiff and her family members on an expedited basis and that Plaintiff has provided an insufficient explanation for the need to dismiss her action without prejudice. (Doc. 47, at 2–3; Doc. 48, at 2–3.) Defendants also note that Plaintiff's complaint filed in Missouri (the "Missouri Complaint") does not allege that she purchased, used, or was injured by J&J's products while in Missouri and that the two corporate defendants added to the Missouri Complaint are not Missouri corporations. (*See* Doc. 47, at 2–3; Doc. 47-1) Defendants argue that these facts suggest Plaintiff is attempting to forum shop. (Doc. 47, at 1; Doc. 48, at 2.) In reply, Plaintiff notes that her discovery responses in this case reflect that she previously lived in Missouri and that at least one Missouri court has previously found that Missouri possesses jurisdiction over at least one of the defendants added in the Missouri Complaint. (*See* Doc. 49, at 2–3.)

Defendants will not suffer plain legal prejudice from a dismissal without prejudice. The parties have completed some discovery, but additional discovery remains, and any past discovery in this case can be used in the Missouri litigation. Additionally, the mere prospect of litigating this action in Missouri and the fact that Plaintiff may gain some tactical advantage by pursuing her claims against Defendants in Missouri do not rise to the level of prejudice contemplated by Rule 41(a)(2). *Grover,* 33 F.3d at 718; *Matthews*, 2008 WL 2609160, at *3. Finally, the parties have not filed motions for summary judgment, and Defendants do not argue that Plaintiff engaged in excessive delay or a lack of diligence in prosecuting this action. Accordingly, the Court will **GRANT** Plaintiff's motion for voluntary dismissal (Doc. 46), and the case will be **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                                 */s/ Travis R. McDonough*
                                                 **TRAVIS R. MCDONOUGH**
                                                 **UNITED STATES DISTRICT JUDGE**